THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SINFOROSO GONZÁLEZ, Defendant and Appellant.

Nos. 13493 and 13494. Argued January 10, 1949.—Decided February 15, 1949.

534

 *Reversed and case remanded for new trial as to murder in the second degree and affirmed as to -carrying weapons.*

*Mario Báez García* for appellant. *Vicente Géigel Polanco, Attorney General, (Luis Negrón Fernández, former Attorney General, on the brief) and J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellant was convicted of murder in the second degree and of carrying weapons. In the murder case he alleged self-defense. In that of carrying weapons, that he was carrying it in his premises.

After the general instructions were given, the defendant moved the court to give the following specific instruction which was denied by the court. It read thus:

"If the jury have any doubt as to whether or not the defendant acted in self-defense the benefit of the doubt should be given to the defendant and they should decide that he acted in self-defense."

Appellant complains that his substantial rights were prejudiced by the refusal of the court to give that instruction.

I

 A person invoking self-defense is bound to prove it, unless the evidence for the prosecution discloses said defense. It is the prosecuting attorney, however, who from the beginning to the end of trial has the burden to establish defendant's guilt beyond a reasonable doubt. The defendant is not bound to establish beyond a reasonable doubt that he acted in self-defense, simply because it would amount to requiring him to establish his innocence, and every defendant is presumed to be innocent until proved guilty. Consequently, it suffices that evidence in support of self-defense considered in connection with all the evidence carries to the minds of the jury a *reasonable* doubt as to whether defendant

536

acted in self-defense, to entitle the accused to the benefit of the doubt and it is the duty of the jury to bring a verdict of not guilty. *De Groot* v. *United States*, 78 F. 2d 244 (C.C.A. 9th, 1935); *Frank* v. *United States*, 42 F. 2d 623 (C.C.A. 9th, 1930).

However, the specific instruction sought by appellant is not sound as it fails to state that the doubt which benefits the defendant should be a *reasonable doubt*. Said doubt should not be capricious or arbitrary. On the contrary, it must be grounded on the whole evidence and it should be of such a degree as to preclude an unbiased and impartial mind from reaching a conviction or moral certainty as to defendant's guilt. Naturally, the lower court could not give the specific instruction in the erroneous fashion in which it was couched. But every defendant is entitled to instructions on reasonable doubt in connection with the different points involved in his case. If the specific instruction is not substantially covered by the general instructions, in justice to the defendant, the court could have properly added to the word "doubt" in the two instances in which it is used in the specific instruction the qualification "reasonable" and thus cure the defect.

II

█ It having been established that the instruction as modified would have constituted a correct statement of the law, we shall now determine whether it is substantially covered by the general instructions, and in the event it is not, whether the refusal to give said instruction as modified prejudiced the substantial rights of the defendant. The following part of the instructions will shed light on the question we are considering:

"If the gentlemen of the jury believe that no offense has been committed or that it has been fully established that the death of Hiram González was not caused by the defendant, or if you believe that the guilt of the defendant has in no way been proved, *or if you have any reasonable or well-grounded*

*doubt as to his guilt, or if you believe that the defendant acted in legitimate self-defense,* then in any of these cases, it is your duty to find the defendant not guilty." (Italics ours.)

We have italicized the pertinent part of the instruction in order to point out the error of the trial court in refusing to give the specific instruction, with the modification noted above. We shall immediately notice that the court, when referring to defendant's guilt, charged the jury that if they had a "reasonable and well-grounded doubt" of his guilt they should bring a verdict of not guilty. On the other hand, when referring to self-defense, it merely stated that if they believed that the defendant acted in self-defense they should also bring a verdict of not guilty. But the court said nothing as to reasonable doubt with respect to the evidence of self-defense. On the contrary, in using the disjunctive and upon referring to the reasonable doubt with respect to the guilt in general, but not with respect to the self-defense, the court obviously excluded the specific instruction. The jury might have believed that the defendant was bound to convince them that he had acted in self-defense and if not fully convinced, that it was their duty to find him guilty despite the fact that the evidence submitted by the defendant might have created in their minds a reasonable doubt as to whether he acted in self-defense. Under these circumstances, we feel that the substantial rights of the defendant have been prejudiced.

The other error assigned refers to the weighing of the evidence. It is contradictory and in itself sufficient for the consideration of the jury. But since the first error was committed the reversal of the judgment as to the murder is inescapable and the case should be remanded for a new trial.

## III

■ With respect to the case of carrying weapons we have pointed out that the defendant alleged that he was carrying it in his premises. But from his own testimony it

appears that he took the weapon before reaching his property at the house of Pedro Rodríguez, where he kept it, and from there he went to his property. This shows that the defendant unlawfully carried the weapon from the house of Pedro Rodríguez until he entered his premises. *People* v. *Nevárez*, 52 P.R.R. 774.

The judgment in the case of carrying weapons should be affirmed and as to the murder case it should be reversed and remanded for a new trial.

Mr. Justice Negrón Fernández did not participate herein.